UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERT PROTECTIVE COUNCIL, a California nonprofit corporation; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 1184, an organized labor union; HECTOR CASILLAS, an individual; and JOHN NORTON, an individual,<br><br>                                                    Plaintiffs,<br>       vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; KEN SALAZAR, Secretary, U.S. Department of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; ROBERT ABBEY, Director, U.S. Bureau of Land Management; TERI RAML District Manager, BLM California Desert District; MARGARET GOODRO, Field Manager, BLM El Centro Field Office; COUNTY OF IMPERIAL, CALIFORNIA; BOARD OF SUPERVISORS OF THE COUNTY OF IMPERIAL; OCOTILLO EXPRESS LLC, a wholly-owned subsidiary of PATTERN ENERGY GROUP LP, a Delaware Limited Partnership; PATTERN ENERGY GROUP LP, a Delaware Limited Partnership,<br><br>                                                    Defendants. | CASE NO. 12cv1281-GPC(PCL)<br><br>**ORDER GRANTING OCOTILLO'S MOTION TO STRIKE EXTRA-RECORD DECLARATION OF SCOTT CASHEN AND THE ATTACHED EXHIBIT 1; GRANTING FEDERAL DEFENDANTS' REQUEST TO EXCLUDE DECLARATION OF SCOTT CASHEN; DENYING AS MOOT BOTH DEFENDANTS' MOTION TO STRIKE AND EXCLUDE EXHIBIT B TO CASHEN DECLARATION; GRANTING IN PART AND DENYING IN PART FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos 66, 68, 74.] |

On December 7, 2012, Defendant Ocotillo Express, LLC filed a motion to strike the extra-record declaration of Scott Cashen and accompanying exhibits. (Dkt. No. 66.) On December 8, 2012, Federal Defendants filed a motion to exclude extra-record materials and to reset briefing schedule. (Dkt. No. 68.) Plaintiffs filed a limited opposition on December 13, 2012. (Dkt. No. 71.) In their response, Plaintiffs agreed to exclude paragraphs 9-21 of the Cashen Declaration and attached a proposed revised memorandum in support of motion for summary judgment excluding reference to those paragraphs. (Dkt. No. 71-1.) As to paragraphs 3-8, Plaintiffs argue that exceptions to extra-record evidence apply.[1]  On December 18, 2012, Ocotillo filed a reply.[2] (Dkt. No. 72.) Federal Defendants also filed a reply. (Dkt. No. 73.)

On December 19, 2012, in light of the motions pending before the Court, Federal Defendants filed a motion for extension of time to file their opposition and cross-motion for summary judgment. (Dkt. No. 74.) Plaintiffs file an opposition on December 20, 2012. (Dkt. No. 76.) On December 21, 2012, Federal Defendants filed a reply. (Dkt. No. 77.)

**Discussion**

Ocotillo argues that the declaration is extra-record and should be stricken. They argue that Cashen's declaration goes beyond the record and instead of shedding light on whether the agency considered all relevant factors, Plaintiffs improperly challenge the BLM's conclusions in the final Avian and Bat Protection Plan ("ABPP") and the Final Environmental Impact Statement ("FEIS"). In addition, Defendants contend that Plaintiffs failed to submit Cashen's declaration prior to the close of the administrative process and provide no reasons why they failed to do so. Lastly, they argue that the exception regarding the agency relying on documents not in the record does not allow post-decision testimony from Cashen to attack the ABPP's conclusions as to the raptor data.

Federal Defendants contend that Cashen's declaration is being offered to attack the merits of

---

[1] Paragraph 1 states Cashen's qualifications as Plaintiffs' expert and paragraph 2 states what Cashen has reviewed in connection with the declaration. (Dkt. No. 63-5.)

[2] Ocotillo notes that paragraph 4 of the Cashen declaration was presented during the DEIS comment period and the BLM responded to that comment. (See AR 53,848; 3486 (BLM's response to Cashen's comments). Therefore, paragraph 4 of the Cashen declaration cannot supplement the record as it is already in the administrative record.

the ABPP and ultimately the BLM's decision and does not identify relevant factors that were not considered. Moreover, Federal Defendants dispute the veracity of the contents of the declaration.

Plaintiffs argue that the Cashen declaration and attached exhibits fall under the exception to extra-record evidence[3] where admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, and that the agency relied on documents not in the record. They argue that Scott Cashen bases his analysis on the 2002 Erickson et al. study entitled "Synthesis and Comparison of Baseline Avian and Bat Use, Raptor Nesting, and Mortality Information from Proposed and Existing Wind Developments." The study was cited in the appendix page of the ABPP on March 9, 2012. (AR at 2989.) Plaintiffs allege that Defendants did not consider all relevant factors because they relied on a faulty comparative raptor use analysis performed by the Project Proponent's consultant in the final ABPP. They argue the conclusion in the FEIS that raptor use of the site was low relative to other wind projects is in contrast to the comparative raptor use data at other sites set out in the 2002 Erickson study. Although the 2002 Erickson study is cited in the final ABPP, which is part of the administrative record, the study, itself, is not found in the administrative record. Plaintiffs further state that since the Erickson report was cited in the final ABPP which came out in March 2012, it was not subject to an additional public comment and review as part of the FEIS.

Generally, judicial review of an agency action is limited to a review of the administrative record in existence at the time of the agency's decision. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000). "[T]he focal point of judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). Parties may not use "post-decision information as a new rationalization either for sustaining or attacking the Agency's decision." Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv., 450 F.3d 930, 942 (9th Cir. 2006) (citation omitted).

The Ninth Circuit recognizes certain narrow exceptions to this general rule. "In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its

---

[3]The Court notes that Plaintiffs did not file a motion to supplement the record.

decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotation omitted). "Though widely accepted, these exceptions are narrowly construed and applied." Id. The moving party has the burden of demonstrating that an exception applies. See Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-38 (9th Cir. 1988).

The Ninth Circuit "normally refuse[s] to consider evidence that was not before the agency because 'it inevitably leads the reviewing court to substitute its judgment for that of the agency.'" Ctr. for Biological Diversity, 450 F.3d at 943. " When an agency's inquiry is inadequate, we generally 'remand the matter to the agency for further consideration." Id.

A court may consider evidence outside the administrative record as necessary to explain agency action. Asarco, Inc. v. United States E.P.A., 616 F.2d 1153, 1159 (9th Cir. 1980). When there is "such a failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary." Public Power Council v. Johnson, 674 F.2d 791, 793–94 (9th Cir. 1982) (citation omitted).    The district court has discretion as to whether to admit extra-record evidence. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 997 (9th Cir. 1993).

The BLM issued the ABPP on March 9, 2012 along with the FEIS. Although there was no formal comment period on the FEIS, BLM accepted comments on the final FEIS, as demonstrated by Cashen's April 23, 2012 FEIS comment letter which is part of the administrative record. (AR 56,746-94.) The 2002 report was available to Cashen more than a month before he submitted a comment letter on the FEIS as the website was provided in the appendix. Therefore, Plaintiffs argument that they had no opportunity to comment on the final ABPP or FEIS is without merit.

In addition, Cashen's declaration disagrees and challenges the BLM's interpretation and conclusions as to the raptor use data in the final ABPP and FEIS. Plaintiffs may not use "post-decision information as a new rationalization for . . . attacking the Agency's decision." Ctr. For Biological Diversity, 450 F.3d at 942. Plaintiffs had the opportunity to address these issues before the

administrative record closed and may not present extra-record evidence that was not before the BLM. Plaintiffs have also not shown that the two exceptions apply to the extra-record declaration of Cashen and attached exhibits.

## Conclusion

Accordingly, the Court GRANTS Defendant Ocotillo's motion to strike the extra-record Declaration of Scott Cashen and the attached Exhibit 1 and GRANTS Federal Defendants' motion to exclude extra record evidence. The Court DENIES as MOOT Defendants motion to strike and exclude Exhibit B of the Cashen Declaration as the Federal Defendants have agreed to supplement the administrative record with the 2002 Erickson study which is attached as Exhibit B to the Cashen Declaration. Plaintiffs shall re-file their opening brief on or before **December 28, 2012** without reference to the declaration of Scott Cashen and the accompanying exhibits. Defendants shall file their oppositions to Plaintiffs' motion for summary judgment and their cross motions for summary judgment on or before **January 4, 2013.** Plaintiffs shall file a reply on their motion and opposition to the cross-motions for summary judgment on or before **January 18, 2013.** Defendants shall file their replies to the cross-motions for summary judgment on or before **February 1, 2013.** A hearing is set on **February 22, 2013 at 1:30 p.m.** in Courtroom 9.

IT IS SO ORDERED.

DATED: December 21, 2012

HON. GONZALO P. CURIEL
United States District Judge